**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **ALAYNA JOHNSON,** | : | **CIVIL ACTION** |
| *Plaintiff* | : |  |
| v. | : |  |
|  | : |  |
| **OMNI PROPERTY SERVICES** | : |  |
| **MANAGEMENT, INC.** *et al.* | : | **No. 22-4539** |
| *Defendants* | : |  |

**M E M O R A N D U M**

PRATTER, J.                                                                          APRIL 18, 2024

Alayna Johnson is suing her former employer Omni Property Services Management, Inc.; Arc Procurement, LLC; and two individual defendants allegedly because of discrimination Ms. Johnson claims she faced while employed at Omni. The Court previously ordered that the parties engage in limited discovery regarding Omni's number of employees where Title VII requires that the putative employer have at least 15 employees.

Since then, Omni, Arc, and one of the individual defendants have filed a motion to dismiss the operative complaint, or, in the alternative, ask the Court to convert the motion to one for summary judgment and grant it in the defendants' favor. Summary judgment requires evidence, and discovery taken to determine the number of Omni's employees demonstrates that there is no genuine issue of material fact that Omni has not employed at least 15 employees. Based on the parties' submissions on this point, the Court dismisses the Title VII claims, having declined to exercise supplemental jurisdiction over the remaining claims and dismisses them without prejudice.

## BACKGROUND

In August 2021, Zachary Johnson offered employment to Alayna Johnson[1] as Property Management Assistant for Omni Property Services Management, Inc. ("Omni"). Ms. Johnson accepted the position. *Id.* Ms. Johnson alleges that she "was assigned and required to complete tasks" for both Omni and Arc Procurement, LLC, though the defendants dispute this contention, arguing that Ms. Johnson never worked or performed services for Arc. Jon Tunis is the owner of both Omni and Arc.

Mr. Johnson allegedly supervised Ms. Johnson and began sexually harassing her as early as when he offered Ms. Johnson employment. Ms. Johnson alleges that the defendants required her to meet Mr. Johnson at Panera Bread or Whole Foods for work training because the COVID-19 Pandemic prevented Ms. Johnson from working at Omni's office location. Ms. Johnson alleges that Mr. Johnson touched her breasts on two occasions during the training sessions.

Mr. Johnson then began routinely commenting on Ms. Johnson's physical appearance, texting her "Good morning beautiful" and stating to her that she was "so pretty." On each occasion, Ms. Johnson told Mr. Johnson to cease his comments, but Ms. Johnson alleges that Mr. Johnson's comments escalated to becoming sexually motivated. For example, Ms. Johnson alleges that Mr. Johnson told her that he and Mr. Tunis would go to massage parlors to pay for sexual acts, and Mr. Johnson explained those sexual encounters to Ms. Johnson in detail. While working at Panera Bread locations, Mr. Johnson also grabbed Ms. Johnson by the waist and propositioned Ms. Johnson for sexual intercourse.

After the latter events, Ms. Johnson told Mr. Tunis and Rosa Gutierrez, another Omni employee, about what happened. Ms. Johnson also sent a separate text message to Mr. Tunis asking

---

[1]     The two parties are of no relation.

to work from home because Mr. Johnson made her feel uncomfortable. Mr. Tunis did not respond to that message. On the same date that Ms. Johnson sent the text message to Mr. Tunis, Mr. Johnson terminated Ms. Johnson's employment. Ms. Johnson alleges that Mr. Johnson terminated her employment in retaliation for Ms. Johnson reporting his behavior to Mr. Tunis.

Ms. Johnson filed her original complaint in November 2022 and later filed an amended complaint against Omni, Arc, Mr. Tunis, and Mr. Johnson, alleging discrimination, a hostile work environment, and retaliation against Omni and Arc in violation of Title VII, intentional infliction of emotional distress against Mr. Johnson, discrimination and retaliation in violation of the Pennsylvania Human Relations Act ("PHRA") against all defendants, aiding and abetting against Mr. Tunis and Mr. Johnson in violation of the PHRA, and discrimination, retaliation, and aiding and abetting against all defendants in violation of the Philadelphia Fair Practices Ordinance.

The defendants[2] filed a motion to dismiss the amended complaint, arguing in part that neither Omni nor Arc employed the requisite number of employees required for a Title VII claim. After oral argument on the motion to dismiss, the Court ordered that the parties engage in limited discovery as to the number of employees of Arc and Omni. The defendants then filed a renewed motion to dismiss, arguing that limited discovery demonstrated that neither Omni nor Arc employed the requisite number of employees for a Title VII claim. In the alternative, the defendants asked the Court to convert the motion into one for summary judgment. Ms. Johnson opposes the motion, including arguments about why she should prevail under both the motion to dismiss and motion for summary judgment standards. The Court heard oral argument on the motion on January 25, 2024, and held an evidentiary hearing on the number of employees on February 27, 2024.

---

[2]      Mr. Johnson has not entered an appearance. Any mention of the defendants' engagement in this litigation refers only to Omni, Arc, and Mr. Tunis.

## LEGAL STANDARD

### I.   Motion to Dismiss & Conversion

Federal Rule of Civil Procedure 12(b)(6) permits dismissing a complaint, in whole or in part, if the party filing a motion to dismiss can demonstrate that the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from [the allegations] after construing them in the light most favorable to the non-movant." *Conrad v. Pa. State Police*, 902 F.3d 178, 182 (3d Cir. 2018) (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994)). To survive a motion to dismiss, the complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

When evaluating a Rule 12(b)(6) motion to dismiss, a court may only rely on the facts alleged in the complaint and its attachments. *Jordan*, 20 F.3d at 1261. However, if a court considers matters outside the pleadings, then the motion to dismiss is treated as one for summary judgment. Fed. R. Civ. P. 12(d). This is known as "conversion." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Only a limited number of materials outside the pleadings, such as a "document integral to or explicitly relied upon in the complaint[,]" prevent conversion and otherwise permit the Court to treat the motion as a motion to dismiss. *Id.* (emphasis removed) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

The Court "must provide the parties 'reasonable opportunity' to present all material relevant to a summary judgment motion" when converting a motion to dismiss to a motion for summary judgment. *Id.* at 287-88 (quoting Fed. R. Civ. P. 12(b)). The parties must have "notice

4

of the conversion." *Id.* at 288 (quoting *Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989)). The notice must be "unambiguous" and must "fairly apprise" the parties of the Court's intent to convert the motion. *Id.* (quoting *Rose*, 841 F.2d at 341-42). Notice "need not be express," but the Court of Appeals for the Third Circuit has recommended that district courts provide express notice. *Id.* (citing *Rose*, 841 F.2d at 342). "However, motions for summary judgment that are presented to the court as motions in the alternative constitute sufficient notice to a non-moving party that the court may convert a motion to dismiss into a motion for summary judgment." *Carver v. Plyer*, 115 F. App'x 532, 536 (3d Cir. 2004) (citing *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996)).

Here, the Court converts the motion to dismiss into a motion for summary judgment because the Court must consider materials outside the pleadings that are not integral to the complaint itself to determine the number of employees of Arc and Omni. The parties were on constructive notice of conversion. First, the Court ordered that the parties engage in limited discovery regarding the number of employees, which implies that the parties would utilize, and the Court would consider, the evidence unearthed in discovery to determine Omni's and Arc's employee count.

Second, the Court also held an *evidentiary* hearing on February 27, 2024, which was "scheduled for the parties to present *witnesses and documentary evidence* solely on the issue of the number of employees of Omni." Notice of Hr'g, Feb. 2, 2024, Doc. No. 35 (emphasis added). Because "[t]he key to surviving summary judgment is evidence," the parties were on constructive notice that the Court would convert the motion to dismiss to one for summary judgment when it ordered and held an evidentiary hearing. *Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc.*, No. 19-513, 2023 WL 9051998, at *2 (E.D. Pa. Dec. 28, 2023).

Finally, the parties were notified of conversion where the defendants included the legal standard for summary judgment, mentioned the standard for conversion, and then included outside evidence in its motion to dismiss. Defs.' Br. in Supp. of Renewed Mot. Dismiss at 5-10, Doc. No. 30-2. In her response briefing, Ms. Johnson also discussed the legal standard for summary judgment and included exhibits of outside evidence to support her position. Pl.'s Mem. of L. in Opp. Mot. to Dismiss at 4, Doc. No. 31; *id.*, Exs. 1-3, Doc. Nos. 31-1, 31-2, 31-3. Thus, the parties were on constructive notice of conversion. The Court treats the defendants' motion as a motion for summary judgment.

## II.    Summary Judgment

A party moving for summary judgment must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." *Id.* The Court must draw factual inferences in the non-moving party's favor. *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 362 (3d Cir. 2008). "Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Power v. Lockheed Martin Corp.*, 419 F. Supp. 3d 878, 888–89 (E.D. Pa. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"[T]he nonmoving party must point to some evidence in the record that creates a genuine issue of material fact." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (citing *Pa. Prot. & Advoc., Inc. v. Pa. Dep't of Pub. Welfare*, 402 F.3d 374, 379 (3d Cir. 2005)). "In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party: the

6

non-moving party must rebut the motion with *facts* in the record and cannot rest solely on *assertions* made in the pleadings, legal memoranda, or oral argument." *Id.* (citing *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109-10 (3d Cir. 1985)).

DISCUSSION

**I.    The Court Dismisses Ms. Johnson's Title VII Claims.**

"Title VII of the Civil Rights Act of 1964 applies to any employer who 'has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.'" *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 204 (1997) (quoting 42 U.S.C. § 2000e(b)). Determining whether an employer has 15 or more employees is an element of the plaintiff's Title VII claim, not a question of the Court's jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006).

In *Walters*, the Supreme Court "held that the 'payroll method' is the proper way of determining 'whether the employer has an employment relationship' with an individual." *Parks v. Woodbridge Golf Club, Inc.*, No. 11-562, 2016 WL 8716606, at *3 (E.D. Pa. July 22, 2016) (quoting *Walters*, 519 U.S. at 212). The payroll method asks the Court to look "first and primarily" at the individuals appearing on the employer's payroll at the time in question. *Id.* at *3 (quoting *Walters*, 519 U.S. at 211). However, "the ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question." *Walters*, 519 U.S. at 212.

Here, the defendants argue that only Omni employed Ms. Johnson, and Omni employed fewer than 15 individuals during the relevant time period. Omni includes a number of pieces of evidence, including its "Payroll Journal Summary by Employee" from Gusto, Omni's payroll management software. The Payroll Journal Report shows that the only employees from August 1, 2021 to December 31, 2021 are Rosa Gutierrez, Zachary Johnson, and Alayna Johnson. Defs.'

7

Renewed Mot. Dismiss, Ex. I at 1, Doc. No. 30-11. Gusto's 2021 W-2 forms for Omni also show only three W-2 forms: those for Rosa Gutierrez, Zachary Johnson, and Alayna Johnson. *Id.*, Ex. J, Doc. No. 30-12. Omni also included quarterly tax returns that state that the company had two or three employees in the relevant time period. *Id.*, Ex. B, Doc. No. 30-4. Mr. Tunis also submitted a declaration "under penalty of perjury" that Omni employed only two employees before Ms. Johnson's hiring, three employees while she was hired, and never more than five employees nationwide. *Id.*, Ex. A ¶¶ 4-5.

In response, Ms. Johnson argues that Omni must have 15 or more employees because the "About us" page on Omni's website states that the company "realized the need for a reliable, team[-]oriented nationwide property maintenance services provider" and that it is "one of the largest and fastest growing property maintenance companies in the US." Pl.'s Opp. to Mot. Dismiss, Ex. 2, Doc. No. 31-2. The website also states that Omni has a "dedicated staff" that "is on call 24/7. . . [,]" *id.*, which Ms. Johnson argues is further evidence that Omni employs 15 or more individuals.

However, this argument has numerous flaws and does not constitute actual evidence of Omni's number of employees. Simply because a company chooses to take a "team-oriented" approach to providing services does not mean that that company employs more than 15 individuals. A "team" consists of "*two* or more employees who work together to make an item or complete a particular process. . . ." *Team*, Oxford English Dictionary, https://www.oed.com/dictionary/team_n?tab=meaning_and_use#19070245 (last accessed Mar. 15, 2024) (emphasis added). Two or more could equal 15, but it could also equal any number between two and fourteen. Additionally, a company does not necessarily employ 15 people because it is growing quickly. Instead, it is equally possible that the company is conducting more

work using the same number of employees. And even if a company has a dedicated staff that is always on call, that does not mean that the company has 15 or more employees doing so. Though the Court must draw factual inferences in Ms. Johnson's favor, *Doe*, 527 F.3d at 362, Ms. Johnson "must rebut the motion with *facts* in the record and cannot rest solely on *assertions* made in the pleadings, legal memoranda, or oral argument." *Berckeley*, 455 F.3d at 201 (emphasis added) (citation omitted).

Ms. Johnson also points to her responses to the defendants' interrogatories attached to the defendants' motion to dismiss, in which Ms. Johnson stated that, after calling Omni's phone number listed on its website, an individual answered the phone and said that those answering the phone were Omni employees. Defs.' Renewed Mot. Dismiss, Ex. C at 3, Doc. No. 30-5. To the extent that the Court can even consider such evidence, *cf. Shelton v. Univ. of Med. & Dentistry of N.J.*, 223 F.3d 220, 226 n.7 (3d Cir. 2000) (citation omitted) ("[H]earsay statements can be considered on a motion for summary judgment only if they are capable of admission of trial."), this statement does not constitute actual *evidence* that Omni employs 15 or more individuals. It could be that there were only two or three individuals answering the phone. It could be that there were 20 individuals answering the phone. It could be that Omni employed such individuals. It could also be that Omni paid the services of an outside agency to handle its call.[3] The point is that Ms. Johnson's argument rests on pure speculation and not evidence in the record.

Ms. Johnson next argues that Omni has 15 or more employees because Omni's website has an application to become a service provider. Pl.'s Opp. to Mot. Dismiss, Exs. 1, 3, Doc. Nos. 31-1, 31-3. Again, this does not constitute actual evidence that Omni employed 15 or more individuals. It does not demonstrate that Omni even had one service provider or whether a service

---

[3] During the evidentiary hearing, Mr. Tunis testified that Omni utilized the services of a company called "Answer Connect" to serve as a dedicated call center. Feb. 27, 2024 Evid. Hr'g Tr. 16:12–23.

provider constitutes an employee. Thus, once more, Ms. Johnson relies on legal argument and assumptions, not evidence.

Finally, during Mr. Tunis's testimony at the evidentiary hearing, it became apparent that there may have been an additional individual who performed work for Omni. Feb. 27, 2024 Evid. Hr'g Tr. 22:15-20. Drawing factual inferences in Ms. Johnson's favor, this individual would also constitute an employee, but three plus one does not equal 15 or more. After limited discovery on this matter, multiple rounds of briefing, oral argument, and an evidentiary hearing, Ms. Johnson has not pointed to anything demonstrating that Omni employed 15 or more individuals beyond broad language on Omni's website and one additional employee. Thus, the Court grants summary judgment and dismisses the Title VII claims where Omni did not employ 15 or more individuals.[4]

## II.   The Court Declines to Exercise Supplemental Jurisdiction Over Ms. Johnson's Remaining Claims.

A district court "may decline to exercise supplemental jurisdiction over a claim" where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

Here, the Court had original jurisdiction based on Ms. Johnson's federal claims, which have now been dismissed. Ms. Johnson has not pled that there is complete diversity, and in fact, Ms. Johnson pleads that Omni is a Pennsylvania corporation and that she is a resident of

---

[4]      Ms. Johnson also asserts that Omni and Arc jointly employed her, but again, she has not pointed to any evidence that the two companies employed 15 or more people.

Pennsylvania, which demonstrates that complete diversity does not exist. Am. Compl. ¶¶ 13-14, Doc. No. 14. None of the relevant factors articulated in *Hedges* are present here, especially when the parties thus far have only conducted discovery related to the number of Omni's employees, which served only for purposes of the federal claims. Thus, the Court declines to exercise supplemental jurisdiction and dismisses Ms. Johnson's state law claims without prejudice. *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) (citation omitted) ("If a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits.").

CONCLUSION

For the foregoing reasons, the Court converts the defendants' motion to dismiss to a motion for summary judgment and grants the motion. Ms. Johnson's Title VII claims are dismissed with prejudice. The Court, invoking its authority under 28 U.S.C. § 1367(c), declines to exercise supplemental jurisdiction over the remaining claims and dismisses those claims without prejudice. An appropriate order follows.

BY THE COURT:

<u>s/ Gene E.K. Pratter</u>
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**